**REESE RICHMAN LLP**
Michael R. Reese (admitted *pro hac vice*)
michael@reeserichman.com
Kim E. Richman (admitted *pro hac vice*)
kim@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone:  (212) 579-4625
Facsimile:  (212) 253-4272

   - and -

**GILBERT OSHINSKY LLP**
August J. Matteis, Jr. (admitted by JPML Rule 1.4)
matteisa@gotofirm.com
1100 New York Avenue, NW, Suite 700
Washington, DC 20005
Telephone:  (202) 772-2200
Facsimile:  (202) 772-3333

*Proposed Co-Lead Counsel*
(additional plaintiffs' counsel on signature page)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: COMCAST CORP. PEER-TO-PEER (P2P) TRANSMISSION CONTRACT LITIGATION<br><br>THIS DOCUMENT APPLIES TO: ALL ACTIONS | MDL No. 1992<br>Civil Action No. 2:08-md-01992-LDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONSOLIDATION PURSUANT TO F.R.C.P. 42(a) AND APPOINTMENT OF CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)** |

| | |
|---|---|
| SONNY TAN, on behalf of himself and all others similarly situated, <br><br>　　　　　Plaintiff, <br>　vs. <br><br>COMCAST CORPORATION, <br><br>　　　　　Defendant. | Civil Action No. 2:08-2735 (E.D. Pa.) (LDD) |
| ROBERT M. TOPOLSKI, on behalf of himself and all others similarly situated, <br><br>　　　　　Plaintiff, <br>　vs. <br><br>COMCAST CORPORATION, *et al.*, <br><br>　　　　　Defendants. | Civil Action No. 3:08-852 (D. Or.) (PJP) |
| ROGER LIS, on behalf of himself and all others similarly situated, <br><br>　　　　　Plaintiff, <br>　vs. <br><br>COMCAST OF CHICAGO, INC., *et al.,* <br><br>　　　　　Defendants. | Civil Action No. 1:08-3984 (N.D. Ill.) (JBZ) |
| DANIEL LIBONATI, JR. on behalf of himself and all others similarly situated, <br><br>　　　　　Plaintiff, <br>　vs. <br><br>COMCAST CABLEVISION OF JERSEY CITY, INC., *et al.*, <br><br>　　　　　Defendants. | Civil Action No. 1:08-3518 (D.N.J.) (JEI) |

| | | |
|---|---|---|
| JORDAN LEIGH and MICHAEL ARANA, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 2:08-4601 (C.D. Cal.) (SJO) |
| vs. | ) ) | |
| COMCAST OF CALIFORNIA II, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |
| JON HART, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) | Civil Action No. 3:07-6350 (N.D. Cal.) (PJH) |
| vs. | ) ) | |
| COMCAST OF ALAMEDA, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**TABLE OF CONTENTS**

Page

INTRODUCTION..................................................................................................................1

I. SUMMARY OF ALLEGATIONS AND PROCEEDINGS..................................3

   A. Underlying Factual Allegations................................................................3

   B. Procedural Summary................................................................................3

II. ARGUMENT..........................................................................................................4

   A. This Court Should Consolidate The Related Actions For Purposes of Efficiency and Effective Case Management......................................4

   B. This Court Should Appoint Reese Richman and Gilbert Oshinsky As Interim Class Counsel...........................................................................5

      1. Proposed Co-Lead Counsel Is Comprised of Experienced And Reputable Firms in the Plaintiffs' Bar.......................................7

         a. Reese Richman..............................................................................7

         b. Gilbert Oshinsky............................................................................9

      2. The Proposed Co-Lead Counsel Have Performed Significant Work Investigating the Claims Underlying This Litigation.............................11

      3. The Proposed Co-Lead Counsel Will Commit Substantial Resources to Representing the Class..................................................11

III. CONCLUSION.....................................................................................................12

TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                                      Page

*Allen v. Stewart Title Guar. Co.*, No. 06-cv-2426, 2007 U.S. Dist. LEXIS 1897
        (E.D. Pa. 2007)..................................................................................................6

*Behrend v. Comcast Corp.*, 2007 U.S. Dist. LEXIS 75186 (E.D. Pa. 2007)...................7

*Bush v. Cheaptickets, et al.*, 425 F.3d 683 (9th Cir. 2005)..................................................8

*In re Auto. Refinishing Paint Antitrust Litig.*, 2004 U.S. Dist. LEXIS 29162
        (E.D. Pa. 2004).................................................................................................7

*In re Auto Refinishing Paint Antitrust Litig.*, 2008 U.S. Dist. LEXIS 569
        (E.D. Pa. 2008).................................................................................................6

*In re CIGNA Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 58560 (E.D. Pa. 2006)............7

*In re OSB Antitrust Litig.*, 2007 U.S. Dist. LEXIS 56584 (E.D. Pa. 2007)...................7

*In re Plastics Additives Antitrust Litigation*, Docket No. 03-CV-2038
        (E. D. Pa.) (LDD)..............................................................................................6

*In re Pressure Sensitive Labelstock Antitrust Litig.,* 2007 U.S. Dist. LEXIS 85466
        (M.D. Pa. 2007).................................................................................................6

*Kerrigan v. Phila. Bd. of Election*, 248 F.R.D. 470 (E.D. Pa. 2008).............................7

*Marsden v. Select Med. Corp.*, 246 F.R.D. 480 (E.D. Pa. 2007).....................................7

*Nichols v. Smithkline Beecham Corp.*, 2005 U.S. Dist. LEXIS 7061 (E.D. Pa. 2005)....7

*Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007).......................................7

*Verde v. City of Philadelphia*, civil action Nos. 94-2428, 94-2427 and 94-2429,
        1994 U.S. Dist. LEXIS 15828, (E.D. Pa. Nov. 1, 1994)..............................4, 5

<u>Statutes</u>

Federal Rule of Civil Procedure 23(g)...............................................................................5

Federal Rule of Civil Procedure 42(a)...............................................................................4

<u>Other</u>

*Manual for Complex Litigation (Fourth)* § 21.272 (2005)...........................................5, 6

Plaintiffs Sonny Tan, Robert M. Topolski, Roger Lis, Daniel Libonati, Jr., Jordan Leigh and Michael Arana ("Plaintiffs"), through their undersigned attorneys, respectfully submit the following memorandum of points and authorities in support of their Motion for Consolidation Pursuant to Federal Rule of Civil Procedure 42(a) and Appointment of Reese Richman LLP and Gilbert Oshinsky LLP as Co-Lead Counsel Pursuant to Federal Rule of Civil Procedure 23(g).

## INTRODUCTION

The following matters (the "Related Actions") are currently pending before this Court pursuant to transfer by the Judicial Panel on Multidistrict Litigation.  In order to promote judicial efficiency, the Related Actions should be consolidated for all purposes pursuant to Rule 42(a), including pretrial processing and eventual trial:

| Abbreviated Case Name | Case No. |
| --- | --- |
| *Tan v. Comcast* | No. 2:08-02735 (E.D. Pa.) (LDD) |
| *Topolski v. Comcast* | No. 3:08-852 (D. Or.) (PJP) |
| *Lis v. Comcast* | No. 1:08-3984 (N.D. Ill.) (JBZ) |
| *Libonati v. Comcast* | No. 1:08-3518 (D.N.J.) (JEI) |
| *Leigh v. Comcast* | No. 2:08-4601 (C.D. Cal.) (SJO) |
| *Hart v. Comcast* | No. 3:07-6350 (N.D. Cal.) (PJH) |

Plaintiffs in the Related Actions assert claims on behalf of a substantially similar class and make substantially similar factual allegations relating to the propriety of Comcast's network management practices.  The Related Actions thus arise from a common core of factual and legal issues that will streamline discovery and motion practice, and will advance the goals of judicial

economy and timely resolution of claims. Accordingly, consolidation of these matters for pretrial and trial purposes will benefit both the judicial system and the parties.[1]

Three of the Related Actions (*Leigh*, *Libonati* and *Lis*) are currently subject to pending Motions to Remand (attached as Exhibits A, B and C to the accompanying Declaration of August J. Matteis, Jr. in Support of Plaintiffs' Motion for Consolidation and Appointment of Reese Richman LLP and Gilbert Oshinsky LLP as Co-Lead Counsel ("Matteis Decl.")). In addition, two of those actions (*Lis* and *Libonati*) are subject to pending Motions to Compel Arbitration submitted by Defendants. Plaintiffs therefore request consolidation of the *Leigh*, *Libonati* and *Lis* cases only to the extent that the Court denies Plaintiffs' request to remand these cases to state court and determines that such cases will not be forced to proceed to arbitration.[2]

In addition, pursuant to Federal Rule of Civil Procedure 23(g), the law firms of Reese Richman LLP ("Reese Richman") and Gilbert Oshinsky LLP ("Gilbert Oshinsky") (together, the "Proposed Co-Lead Counsel") respectfully seek appointment as interim Co-Lead Counsel on behalf of the putative class in this litigation. These firms have a proven track record of success, as well as years of experience litigating large class actions and other complex matters. They have recovered hundreds of millions of dollars on behalf of their clients, and attorneys for these firms, who are specifically dedicated to this type of litigation, include leading practitioners of the plaintiffs' bar. Their collective experience and ability will ensure that they will meet the demands of prosecuting this complex, multi-party case.

As described more fully below, it is in the best interest of the putative class for the Court to consolidate the Related Actions and to appoint Reese Richman and Gilbert Oshinsky as Proposed Co-Lead Counsel.

---

[1] Plaintiffs will file a consolidated complaint if this motion is granted.
[2] The *Tan*, *Topolski*, and *Hart* cases do not present any issues with respect to remand or arbitration, so at least three Related Actions are sought for consolidation within the body of this Memorandum.

2

I.   **SUMMARY OF ALLEGATIONS AND PROCEEDINGS**

　　A.   <u>**Underlying Factual Allegations**</u>

The Related Actions arise out of the advertising and sale of Comcast's "High Speed Internet Service" to consumers throughout the United States, while failing to make it known that a consumer's Internet speed and connection would be intentionally blocked, slowed and delayed by Comcast.[3]

　　B.   <u>**Procedural Summary**</u>

On June 12, 2008, the law firm Reese Richman filed the matter of *Tan v. Comcast Corp.*, No. 2:08-cv-2735, before this Court. *Tan* was the first-filed action against Comcast on behalf of a nationwide class and the only action filed where Comcast is based and headquartered. *Tan* served document requests and interrogatories on Comcast on September 10, 2008, but Comcast has not yet responded to those requests.

On July 18, 2008, the law firm Gilbert Oshinsky filed the matter of *Topolski v. Comcast Corporation, et al.*, No. 3:08-852, before the District of Oregon. *Topolski*, like *Tan*, is filed on behalf of a nationwide class and asserts claims under both Oregon and Pennsylvania law. Mr. Topolski is the individual largely credited with the initial discovery of the conduct perpetrated against consumers by Comcast.

In addition to *Topolski*, Gilbert Oshinsky LLP is currently litigating three other state-based consumer protection actions against Comcast – the *Leigh*, *Libonati* and *Lis* cases indicated above. All three actions were filed on June 5, 2008, and all three actions include pending motions to remand to the state courts in which they were originally filed. *See* Matteis Decl., Exhibits A, B and C.

---

[3]　For a detailed discussion of the factual allegations, Plaintiffs refer the Court to the Substantive Allegations section of the Complaint in *Tan v. Comcast*, No. 2:08-02735 (E.D. Pa.) (LDD) and to the Factual Allegations section of the Complaint in *Topolski v. Comcast Corporation, et al.*, No. 3:08-852 (D. Or.) (PJP).

On August 14, 2008, Comcast made a motion pursuant to 28 U.S.C. § 1407 requesting the Judicial Panel on Multidistrict Litigation to transfer the above-captioned actions for centralization and coordination.

On December 5, 2008, the Judicial Panel on Multidistrict Litigation rendered its decision to transfer the above-captioned matters to the Eastern District of Pennsylvania. That same day, this consolidated action, *In Re: Comcast Corp. Peer-To-Peer (P2P) Transmission Contract Litigation*, was docketed in this Court as Civil Action No. 2:08-md-01992-LDD.

## II. ARGUMENT

### A. This Court Should Consolidate The Related Actions For Purposes of Efficiency and Effective Case Management

Consolidation is appropriate when, as here, there are actions involving common questions of law and fact. *See* Fed. R. Civ. P. 42(a). "District courts have broad discretion to determine whether consolidation is appropriate." *Verde v. City of Philadelphia*, civil action Nos. 94-2428, 94-2427 and 94-2429, 1994 U.S. Dist. LEXIS 15828, *2 (E.D. Pa. Nov. 1, 1994) (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990)). When exercising its discretion, the court must consider whether:

> the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense of all concerned.

*Id* at *3 (quoting *Arnold v. Eastern Airlines, Inc.* 681 F.2d 186, 193 (4th Cir. 1981)). The *Verde* court ultimately held there were enough common issues between the various cases to warrant consolidation of the proceedings. *Verde* at *2..

Here the Related Actions involve claims on behalf of a substantially similar or identical class of people — all persons in the United States who paid money to Comcast in exchange for

4

Comcast High Speed Internet Service. The Related Actions name similar corporate defendants and allege substantially overlapping and interrelated factual issues and legal claims.

Consolidating the Related Actions would not only simplify pretrial and discovery motions, class action issues and clerical/ administrative duties, but would also reduce any confusion that could result from prosecuting these Related Actions separately. Accordingly, Proposed Co-Lead Counsel respectfully request this Court to consolidate the Related Actions – that is, the *Tan*, *Topolski* and *Hart* cases, and, to the extent that they are not either remanded to state court or forced into arbitration, the *Leigh*, *Libonati* and *Lis* cases as well.

      **B.**    **This Court Should Appoint Reese Richman and Gilbert Oshinsky As Interim Class Counsel**

Rule 23(g)(3) permits the Court to designate interim counsel "to act on behalf of the putative class before determining whether to certify the action as a class action." The judge "must choose the class counsel when more than one class action has been filed and consolidated or centralized, or more than one lawyer seeks the appointment." *Manual for Complex Litigation (Fourth)* § 21.272 (2005) (the "*Manual*").

Rule 23(g) sets forth the considerations this Court must take into account when selecting class counsel. Rule 23(g)(1)(A) specifically requires that the Court must consider:

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)    counsel's knowledge of the applicable law; and

    (iv)    the resources that counsel will commit to representing the class.

Additionally, Rule 23(g)(4) requires that "Class counsel must fairly and adequately represent the interests of the class." In this regard, courts have evaluated whether proposed interim class counsel worked cooperatively with opposing counsel and the court, and whether they

5

commanded the respect of colleagues. *Manual* § 10.224 (2004). Overall, while no single factor is determinative, *Manual* at § 21.272, "the court must appoint the applicant best able to represent the interests of the class." *Allen v. Stewart Title Guar. Co.*, No. 06-cv-2426, 2007 U.S. Dist. LEXIS 1897, *3-4 (E.D. Pa. 2007) (quoting *Fed. R. Civ. P.* 23(g)(2)(B)).[4]

Under these Rules, the appointment of co-lead counsel is appropriate in many cases. Indeed, this Court is no stranger to appointing co-lead counsel in class action and complex litigation matters for the purposes of fairly and adequately representing all members of a class. For example, in *In re Plastics Additives Antitrust Litigation*, Docket No. 03-CV-2038 (E. D. Pa.) (LDD), this Court appointed four law firms to act as co-lead counsel for all six subclasses. Furthermore, in *In re Auto Refinishing Paint Antitrust Litig.*, 2008 U.S. Dist. LEXIS 569 (E.D. Pa. 2008), three firms were appointed co-lead counsel after multiple lawsuits filed in five different states were transferred to the Eastern District of Pennsylvania by the Judicial Panel on Multidistrict Litigation. *See also In re Pressure Sensitive Labelstock Antitrust Litig.,* 2007 U.S. Dist. LEXIS 85466 (M.D. Pa. 2007) (appointing three firms as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g)). These decisions are consistent with the Eastern District of Pennsylvania's trend toward appointment of co-lead counsel in complex class action cases over the past several years.[5]

---

[4] The Advisory Committee Notes on Rule 23(g) provide further context for its application: "[Rule 23(g)] responds to the reality that the selection and activity of class counsel are often critically important to the successful handling of a class action . . . . This subdivision recognizes the importance of class counsel, states the obligation to represent the interests of the class, and provides a framework for selection of class counsel." *Fed. R. Civ. P.* 23(g) advisory committee note.

[5] *See also In re Auto. Refinishing Paint Antitrust Litig.*, 2004 U.S. Dist. LEXIS 29162 (E.D. Pa. 2004); *Nichols v. Smithkline Beecham Corp.*, 2005 U.S. Dist. LEXIS 7061 (E.D. Pa. 2005); *In re CIGNA Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 58560 (E.D. Pa. 2006); *Marsden v. Select Med. Corp.*, 246 F.R.D. 480 (E.D. Pa. 2007); *Behrend v. Comcast Corp.*, 2007 U.S. Dist. LEXIS 75186 (E.D. Pa. 2007); *Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007); *In re OSB Antitrust Litig.*, 2007 U.S. Dist. LEXIS 56584 (E.D. Pa. 2007); *Kerrigan v. Phila. Bd. of Election*, 248 F.R.D. 470 (E.D. Pa. 2008) (ordering in each case the appointment of Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g)).

Here, Proposed Co-Lead Counsel — the law firms of Reese Richman LLP and Gilbert Oshinsky LLP — should be appointed under Rule 23(g) to lead this potential class action through the various stages of pretrial litigation. Each firm possesses extraordinary qualifications, experience and resources. Together, the achievements and capacity of the Proposed Co-Lead Counsel exceed any other applicant who may submit a Rule 23(g) motion in the Related Actions.

    **1.    Proposed Co-Lead Counsel Is Comprised Of Experienced And Reputable Firms In The Plaintiffs' Bar**

Proposed Co-Lead Counsel have years of experience representing plaintiffs in class actions, complex multi-party cases and consumer protection claims. The combined capacity and credentials of these firms make them uniquely equipped to manage this litigation as interim Co-Lead Counsel.

    **a.    Reese Richman**

The attorneys of Reese Richman were the first to file a nationwide action against Comcast for the alleged misconduct discussed above.

In addition to the considerable effort the attorneys of Reese Richman already have spent on the above-captioned action, the past experience of the attorneys of Reese Richman evidences that they are highly qualified to serve as Co-Lead Counsel. The attorneys of Reese Richman specialize in class actions representing consumers and investors who have been defrauded through violation of consumer protection, securities and antitrust laws. Reese Richman litigates on behalf of consumers and investors throughout the nation.

As described in more detail in the Reese Declaration, below are just a few of the actions litigated on behalf of consumers and investors by the attorneys of Reese Richman:

- *Gaines et al. v. Lending Tree Loans, Inc. et al.* 08-cv-667 DOC (C.D. Cal). Representation of consumers in a class action lawsuit against Lending Tree for allegedly fraudulent mortgage practices in violation of the federal RICO Act;

7

- *All Star Cart and Vehicles, Inc. v. Allied Waste Industries, Inc. et al.*, 08-cv-1816 LDD (E.D.N.Y.). Representation of small businesses in a class action lawsuit against waste removal companies for alleged violation of the Sherman Antitrust Act;

- *Kreek v. Wells Fargo & Co. et al.*, 08-cv-1830 WHA (N.D. Cal.). Representation of mutual fund investors in a class action lawsuit for alleged violation of the Securities Exchange Act of 1934;

- *In re Korean Air Antitrust Litigation*, CV07-ml-01891 (SJO) (C.D. Cal.). Representation of consumers injured by conspiracy to charge anti-competitive prices on trans-pacific flights in violation of federal antitrust laws;

- *In re American Funds Securities Litigation*, CV06-7815 (GAF) (C.D. Cal). Representation of investors injured by violation of the federal securities laws for alleged kickbacks made to brokers;

- *Oakland v. Travelocity.com, Inc.*, cause no. 342-209514-05(Tarrant Co., Texas), representation of consumers injured by deceptive pricing for hotel rooms booked through Internet retailers that violates Texas' consumer protection laws;

- *Bain v. Silver Point Capital Partnership LLP*, Index No. 114284/06 (N.Y. Co. Supreme Court), representation of former owner of an Eastern Europe steel plant against a hedge fund for fraud and breach of contract;

- *Bush v. Cheaptickets, et al.*, No. BC329021 (Los Angeles Superior Court). Representation of consumers injured by deceptive prices for hotel rooms that violated California's consumer protection laws. This action is reported at *Bush v. Cheaptickets, et al.*, 425 F.3d 683 (9th Cir. 2005), wherein Michael Reese successfully argued before the Ninth Circuit that the Class Action Fairness Act is not retroactive.

In addition to the numerous cases currently and previously litigated on behalf of consumers and investors, Reese Richman is particularly qualified to serve as Co-Lead Counsel in the Related Actions. The attorneys of Reese Richman have devoted considerable time and resources to the litigation of this matter and will continue to do so, as Reese Richman has substantial resources to dedicate to this matter. Moreover, Kim Richman, one of the partners dedicated to work on the matter, previously worked at the Electronic Frontier Foundation ("EFF") — a non-profit think tank that focuses on Internet fraud and issued the report that exposed Comcast's misconduct at issue here. Furthermore, the lead partners of Reese Richman

8

have extensive trial experience and, consequently, have the ability to prosecute this matter through to verdict. *See* Reese Decl., Exhibit B (Reese Richman firm resume and attorney biographies).

### b. Gilbert Oshinsky

The attorneys of Gilbert Oshinsky currently have more pending cases against Defendants than any other firm involved with the Related Actions. In fact, Gilbert Oshinsky represents Robert M. Topolski, the individual largely credited with the initial discovery of the conduct perpetrated against consumers by Comcast. Gilbert Oshinsky attorneys have invested considerable resources and time investigating and prosecuting four of the six pending actions, and they are experts on the underlying facts and history of this matter. Their effort and investigation with respect to the Related Actions demonstrates their inherent qualification to serve as Co-Lead Counsel.

In addition, Gilbert Oshinsky attorneys have considerable experience in prosecuting actions on behalf of plaintiffs. Throughout the nation, Gilbert Oshinsky attorneys specialize in pursuing consumer fraud class actions as well as complex litigation on behalf of insurance policyholders. Below are just a few examples of the litigation conducted by the attorneys of Gilbert Oshinsky:

- *Continental Casualty Company v. Employers Insurance Company of Wausau*, No. 601037/03 (N.Y. Co. Sup. Ct.). Representation of more than 20,000 individuals in a class action lawsuit against the Robert A. Keasbey Company, a defunct insulation contractor, for asbestos-related bodily injuries. A four-month trial resulted in a landmark insurance coverage decision that provided potentially infinite coverage for the class.

- *Valiente v. DineEquity, Inc.*, No. 08-CV-2416 (D. Kan.). Representation of aggrieved consumers in a class action lawsuit against Applebee's International, Inc., its corporate parent DineEquity, Inc., and Weight Watchers International, Inc. for alleged misrepresentation of the fat content of Weight Watchers menu items in violation of applicable consumer protection statutes and the Federal RICO Act.

9

- *Charles v. Lawyers Title Ins. Corp.*, No. 2:06-CV-02361 (D.N.J.). Representation of aggrieved consumers in a class action lawsuit against numerous insurers for fraud in connection with home refinancing overcharges.

- *Barandas v. Old Republic National Title Ins. Co.*, No. 2:06-CV-01750 (D.N.J.). Representation of consumers in a class action lawsuit against title insurance companies alleging claims including fraud, negligence and unjust enrichment associated with systematic overcharging for title insurance premiums.

- *In re Resort Condominiums International, LLC*, No. 06-CV-1222 (D.N.J.). Representation of a class of timeshare owners alleging consumer fraud by the world's largest timeshare exchange company.

- *The City of Goodlettsville, TN v. Priceline.com, Inc., et al.*, Case No. 03:08-CV-00561 AAT-JEG (M.D. Tenn.). Representation of a putative class of political subdivisions of the state of Tennessee that are suing Internet travel companies (*e.g.*, Priceline, Travelocity, Expedia) for wrongfully failing to pay hotel taxes due and owing to those political subdivisions.

*See* Matteis Decl. ¶ 3.

In addition to the numerous cases currently and previously litigated on behalf of consumers and policyholders, Gilbert Oshinsky is particularly qualified to serve as Co-Lead counsel in the Related Actions. The attorneys of Gilbert Oshinsky have devoted considerable time and resources to the litigation of this matter and will continue to do so. Furthermore, the lead partners of Gilbert Oshinsky have extensive trial experience and, consequently, have the ability to prosecute this matter through to verdict. *See* Matteis Decl. ¶ 4.

### 2. The Proposed Co-Lead Counsel Have Performed Significant Work Investigating the Claims Underlying This Litigation

As early as August of 2007, Proposed Co-Lead Counsel began investigating complaints relating to Comcast's blocking, slowing and delaying of Internet connections. Proposed Co-Lead Counsel subsequently interviewed multiple complainants and public interest organizations about the problems and investigated each of the claims. Proposed Co-Lead Counsel identified the problem at issue, established contact with multiple putative class members, and investigated all legal claims, relevant law and potential defenses.

10

Well before filing the Related Actions on behalf of their clients, Proposed Co-Lead Counsel conducted extensive factual research with regard to the subscriber/Comcast relationship, and analyzed complaints and comments on numerous Comcast subscriber websites. This multifaceted investigation culminated in the filing of the Related Actions. Proposed Co-Lead Counsel's investigation, and specific prior experience in class action litigation with high-tech companies such as Comcast, provides them with a keen understanding of the mechanics of the subscriber/Comcast relationship as well as Comcast's agreements and marketing techniques.

### 3. The Proposed Co-Lead Counsel Will Commit Substantial Resources to Representing the Class

Proposed Co-Lead Counsel are able to dedicate substantial resources to representing the putative class in this litigation. They are among the most diligent plaintiffs' firms in the country, and their professional, technological and financial resources will be fully utilized to manage this litigation expeditiously, and in a collaborative manner. Moreover, Proposed Co-Lead Counsel are located in close proximity to the Eastern District of Pennsylvania, where this matter is pending, thereby minimizing travel costs and other expenses.

Proposed Co-Lead Counsel's resources are demonstrated by past success. They have a history of aggressively litigating, successfully leading and efficiently managing class cases of all sizes. They are technologically advanced, running offices with commercial and proprietary complex litigation support systems. Their practices are built around complex and class-based litigation, and they have a history of committing all resources possible, through trial if necessary, to generate a recovery for the proposed class.

Proposed Co-Lead Counsel will carry out their leadership role in this litigation with the least amount of burden to the Court, while acting in the best interests of the putative class. Furthermore, Proposed Co-Lead Counsel recognize the talents and experience that other counsel

involved in this litigation bring to the table and will manage this litigation in an inclusive manner aimed to draw the best from those currently pursuing the Related Actions before this Court.

### III.   CONCLUSION

For the foregoing reasons, Reese Richman LLP and Gilbert Oshinsky LLP respectfully request that the Related Actions (with the possible exception of *Leigh*, *Libonati* and *Lis*, if such cases are remanded to state court) be consolidated pursuant to *Fed. R. Civ. P.* 42(a).  In addition, the two firms respectfully request to be appointed interim Co-Lead Counsel on behalf of the putative class pursuant to *Fed. R. Civ. P.* 23(g).

Dated: December 9, 2008                              **REESE RICHMAN LLP**

                                                                    By:   */s/ Michael R. Reese*
                                                                          Michael R. Reese (admitted *pro hac vice*)
                                                                          michael@reeserichman.com
                                                                          Kim E. Richman (admitted *pro hac vice*)
                                                                          kim@reeserichman.com
                                                                          875 Avenue of the Americas, 18th Floor
                                                                          New York, New York 10001
                                                                          Telephone: (212) 579-4625
                                                                          Facsimile: (212) 253-4272

                                                                                - and -

                                                                    **GILBERT OSHINSKY LLP**
                                                                    August J. Matteis, Jr. (admitted by JPML Rule 1.4)
                                                                    matteisa@gotofirm.com
                                                                    1100 New York Avenue, NW, Suite 700
                                                                    Washington, DC 20005
                                                                    Telephone: (202) 772-2200
                                                                    Facsimile: (202) 772-3333

                                                                    *Proposed Co-Lead Counsel*

**LAW OFFICES OF**
**JONATHAN WHEELER, P.C.**
Jonathan Wheeler
jwheeler@jwheelerlaw.com
1617 JFK Boulevard, Suite 1270
Philadelphia, Pennsylvania 19103
Telephone:  (215) 568-2900
Facsimile:  (215) 568-2901

**LAW OFFICES OF KARI E. HONG**
Kari E. Hong
kari@honglawfirm.com
320 SW Stark Street, Suite 518
Portland, Oregon 97204
Telephone:  (503) 242-3500
Facsimile:  (503) 242-3505

**SIMMONSCOOPER LLC**
Gregory P. Erthal
gerthal@simmonscooper.com
707 Berkshire Blvd., PO Box 521
East Alton, Illinois 62024
Telephone:  (618) 259-2222
Facsimile:  (618) 259-2251

**HANLY CONROY BIERSTEIN SHERIDAN**
  **FISHER & HAYES LLP**
Andrea Bierstein
abierstein@hanlyconroy.com
112 Madison Avenue
New York, New York 10016-7416
Telephone:  (212) 784-6403
Facsimile:  (212) 784-6420

**MONZO CATANESE, P.C.**
Andrew D. Catanese
acatanese@monzolaw.com
Schoolhouse Office Park
211 South Main Street, Suite 104
Cape May Court House, New Jersey 08210
Telephone:  (609) 463-4601
Facsimile:  (609) 463-4606

*Additional Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PROPOSED ORDER FOR CONSOLIDATION PURSUANT TO F.R.C.P. 42(a) AND APPOINTMENT OF CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g); MOTION FOR CONSOLIDATION PURSUANT TO F.R.C.P. 42(a) AND APPOINTMENT OF CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g); and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CONSOLIDATION PURSUANT TO F.R.C.P. 42(a) AND APPOINTMENT OF CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)** to be served this 9th day of December 2008, by United States mail on the following:

**LEXINGTON LAW GROUP LLP**
Mark N. Todzo
1627 Irving Street
San Francisco, California 94122

**SCOTT + SCOTT, LLP**
Christopher M. Burke
600 B Street, Suite 1500
San Diego, California 92101

**DRINKER BIDDLE & REATH LLP**
Seamus C. Duffy
Michael W. McTigue, Jr.
Michael P. Daly
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103

*/s/ Michael R. Reese*
Michael R. Reese