UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMCAST CORP. PEER-TO-PEER (P2P) TRANSMISSION CONTRACT LITIGATION _____ THIS DOCUMENT APPLIES TO ALL ACTIONS: | MDL No. 1992 Civil Action No. 2:08-md-01922-LDD |

**[PROPOSED] ORDER FOR NOTICE AND HEARING IN CONNECTION
WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on April 13, 2009, the parties to the action known as *Hart et al., v. Comcast of Alameda, Inc. et al.,* originally filed in the Superior Court of California, Alameda County, Civil Action No. 073559935, removed to the United States District Court for the Northern District of California, Case No. 07-6350-PDH and consolidated with related cases to this Court for pretrial procedures (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice as against the Defendant; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this__ day of April, 2009 that:

1.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of

all persons with accounts for internet service from affiliates and subsidiaries of Comcast Corporation (collectively "Comcast") in any U.S. state or territory in which Comcast offers high speed internet service and who either (1) used or attempted to use the Comcast service in order to use the Ares, BitTorrent, eDonkey, FastTrack or Guntella P2P protocols at any time from April 1, 2006 to December 31, 2008; or (2) used or attempted to use the Comcast service in order to use Lotus Notes to send emails at any time from March 26, 2007 to October 3, 2007.

2.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Representative Plaintiff will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff Jon Hart is certified as the Class Representative.

4.      For the purposes of the Settlement only, Lexington Law Group, LLP and Scott + Scott LLP are approved as Class Counsel and Berger Montague are approved as Liaison Counsel.

5.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2009, at _____ _.m. for the following purposes:

(a)      to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure;

2

(b)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)    to determine whether Final Judgment should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, as against the Defendant only and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d)    to consider Class Counsel's application for an award of attorneys' fees and expenses; and

(e)    to rule upon such other matters as the Court may deem appropriate.

6.    Subject to the terms of the Settlement, the Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.

7.    The Court approves the timing, form, substance and requirements of the Class Notice (the "Notice") and the Claim Form, set forth in the Stipulation and attached as exhibits thereto.  Class Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of dissemination of the Notice.

8.    The Court approves the appointment of the Claims Administrator.  The Claims Administrator shall oversee, among other things, the processing, handling, reviewing, approval of and paying of claims made by Claimants as set forth in the Stipulation.

9.    The form and content of the Notice, and the method set forth in the Stipulation of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.    In order to be entitled to participate in the Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member must timely comply with the terms, conditions and procedures set forth in Part VI of the Stipulation.  As part of the Claim Form, each Class Member is deemed

to have submitted to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

11.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as set forth in Part IV.B. of the Stipulation.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above in the Stipulation, or the exclusion is otherwise accepted by the Court.

12.    Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of or otherwise participate in the benefits described in the Stipulation.

13.    The Court will consider comments and/or objections to the Settlement, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are properly and timely filed, submitted and served as set forth in Part IV.A. of the Stipulation.  Attendance at the Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees are required to indicate in their objection their intention to appear at the hearing. Persons who intend to object to the Settlement and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Fairness Hearing shall also include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

14.    Pending final determination of whether the Settlement should be approved, the Representative Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Party.

15.    As provided in the Stipulation, all Claim Administration Expenses shall be paid from the Settlement Fund.

16.     If (a) the Settlement is terminated pursuant to the terms of the Stipulation then the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the Stipulation was executed.

17.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____     _____
                                    HON. LEGROME D. DAVIS
                                    UNITED STATES DISTRICT COURT JUDGE