IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMCAST CORPORATION PEER-TO-PEER (P2P) TRANSMISSION CONTRACT LITIGATION | MDL No. 1992 |
| This Document Relates To: | Civil Action No. 2:08-MD-1992-LDD |
| All Actions | |

## ORDER

AND NOW, this 29th day of June, upon consideration of Plaintiff Hart's Motion for

Approval of Attorneys' Fees and Incentive Award (Doc. Nos. 74-77), it is hereby ORDERED

that Plaintiff's Motion is GRANTED. It is further ORDERED that Defendant Comcast shall pay

to Class Counsel $3,000,000 as the Fee Award in accordance with Section VII.B. of the

Settlement. It is further ORDERED that Defendant Comcast shall pay to Plaintiff Hart $2,500 as

the Incentive Award in accordance with Section VII.D. of the Settlement.

I.      BACKGROUND

On June 15, 2010, the Court heard Plaintiff Jon Hart's Motion for Final Approval of

Class Action Settlement and his Motion for Approval of Attorneys' Fees and Incentive Award.

By separate Order, the Court granted Final Approval of the Settlement finding the Settlement to

be fair, reasonable and adequate to the Class.[1] By this Order, the Court hereby awards Plaintiff

$3,000,000 in attorneys' fees and costs, inclusive (the "Fee Award"), and also grants Plaintiff's

request for $2,500 as an incentive award. The Court finds that the Fee Award was negotiated and

---

[1]     A more detailed presentation of the factual and procedural background of the litigation
and Settlement are set forth in the Court's Order granting Final Approval of the Settlement and
the Order Preliminarily Approving the Settlement entered on December 14, 2009, both of which
are incorporated herein by reference. In addition, the Court also incorporates the record of the
June 15, 2010 hearing.

1

agreed to by the parties, is being borne by Defendant and not by the Class, and represents a fair and reasonable award to compensate Class Counsel for their efforts achieving the Settlement and creating the $16 million Settlement Fund for the benefit of an estimated one million members of the Settlement Class. The Court further finds that the incentive award is fair and reasonable to compensate Plaintiff Hart for his time and effort expended in acting as representative for the Settlement Class.

II.    THE FEE AWARD

1.    Under Third Circuit law, an agreed-to fee award is afforded a presumption of reasonableness which can be rebutted by a showing that it is clearly excessive. *In re Cendant Corp. Litig.*, 264 F.3d 201, 220, 283 (3d Cir. 2001); *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 167-68 (3d Cir. 2006). Here, the Fee Award was agreed upon by the parties during arms' length negotiations supervised by an experienced mediator following agreement on relief for the Class. Green Aff. ¶¶ 12-14. In doing so, Comcast agreed that Fee Award is a "fair and reasonable award of fee and costs." Settlement, § VII.A.

2.    In determining whether a fee request is clearly excessive, the Third Circuit counsels district courts to be guided primarily by the seven factors identified in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). *See In re Cendant*, 264 F.3d at 283. The factors to be considered are:

> (1) the size of the fund created and the number of persons benefitted;
> (2) the presence or absence of substantial objections by members of
> the class to the settlement terms and/or fees requested by counsel; (3)
> the skill and efficiency of the attorneys involved; (4) the complexity
> and duration of the litigation; (5) the risk of nonpayment; (6) the
> amount of time devoted to the case by plaintiffs' counsel; and (7) the
> awards in similar cases.

*Gunter*, 223 F.3d at 195 n.1. As demonstrated below, application of the *Gunter* factors confirms that the requested Fee Award to Class Counsel for their efforts in securing the relief in this case is both justified and appropriate.

2

A.     The Size of the Fund Created and the Number of Persons Benefitted
       By the Settlement Support The Fee Award.

3.     The Settlement establishes a $16 million fund for the benefit of an estimated one
million Settlement Class Members. The Fee Award is to be paid by Comcast in addition to the
$16 million Settlement Fund; therefore the Fee Award will not decrease the funds available to
the Class. As is clear from the record and the declarations of Class Counsel, this result for the
Class was achieved through the many hours spent by Class Counsel developing the facts of this
case, preparing and filing suit, litigating substantive and procedural motions, reviewing
documents and other information produced by Comcast, working with experts to assess the
strength and value of the claims, and negotiating the terms of the Settlement. As discussed in the
companion Order granting final approval to the Settlement, the $16 million Settlement Fund is a
favorable result to the Class in light of the considerable risks related to class certification and
liability. Given the large monetary fund created for the benefit of a large number of individuals,
the first *Gunter* factor is satisfied.

B.     The Absence of Substantial Objections By Class Members Supports
       The Fee Award.

4.     The reaction of the Class indicates overwhelming approval of this Settlement. Of
the approximately one million class members, there was not a single objection to the requested
Fee Award. Only six class members objected to any portion of the Settlement and the Court has
found those objections to be without merit. The almost complete lack of objection supports
approval of the requested fee. *See Boone v. City of Phila.*, 668 F. Supp. 2d 693, 713 (E.D. Pa.
2009) (approving fee petition notwithstanding objections); *In re Lucent Tech., Inc. Sec. Litig.*,
327 F. Supp. 2d 426, 435 (D.N.J. 2004) (noting that "the lack of a significant number of
objections is strong evidence that the fees request is reasonable").

C.     The Skill and Efficiency of Class Counsel Support the Fee Award.

5.     The Court finds that Class Counsel demonstrated the requisite skill and efficiency

3

to justify the Fee Award. Given the many risks to establishing both liability and damages, as discussed in this Court's Order granting Final Approval of the Settlement, achieving the results in the Settlement on behalf of the Class is the best indicator of the skill and efficiency of Class Counsel's services to the Class. *See Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 149 (E.D. Pa. 2000) ("[T]he single clearest factor reflecting the quality of class counsels' services to the class are the results obtained."). The $16 million Settlement Fund established here stands in stark contrast to the other P2P blocking cases around the country which, to date, have recovered no monetary consideration on behalf of class members.

6. Class Counsel Lexington Law Group and Scott + Scott, LLP are experienced in this type of litigation. The attorneys at both firms have many years of experience litigating consumer class actions.[2] The Third Circuit recognizes "the stated goal in percentage fee-award cases of 'ensuring that competent counsel continue to be willing to undertake risky, complex and novel litigation.'" *Gunter*, 223 F.3d at 198 (internal citation omitted).

7. The quality of opposing counsel is also relevant in evaluating the quality of services rendered by Class Counsel. *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). Defendant was represented in these actions by Drinker Biddle & Reath LLP, a law firm compromised of attorneys with skill and experience. The ability of Class Counsel to secure such a favorable settlement for the Class in the face of formidable opposition further supports a finding regarding the quality of Class Counsel's representation under the third *Gunter* factor that weighs in favor of awarding the Fee Award.

D. The Complexity and Duration of the Litigation Support Class Counsel's Fee Request.

8. This case was filed in November 2007 and was the first case to challenge an

---

[2] Berger & Montague PC, who is liaison counsel and participated in litigating the case and achieving the Settlement, also has extraordinary experience and qualifications in this area.

internet service provider's management of P2P transmissions. As set forth in detail in the

Court's companion order granting Final Approval of the Settlement, this case involved many

complex and novel legal and technological issues. The parties entered into the Settlement

Agreement in April 2009, approximately one and a half years after the Complaint was filed.

Given the complex issues involved, a successful resolution was not certain. The relatively quick

resolution of the case demonstrates a level of efficiency by Class Counsel that further supports

the Fee Award.

E.      The Risk of Non-Payment at the Outset of this Case Supports Class Counsel's Fee
        Request.

9.      The risk of nonpayment is another important factor in evaluating a fee award.

*See, e.g., In re Ikon*, 194 F.R.D. at 194. Despite the obvious risks of pursuing a first-of-its-kind

case, Class Counsel undertook this action on a contingent fee basis, assuming a substantial risk

that they would have to devote a significant amount of time and incur considerable expenses in

prosecuting this action without the assurance of being compensated for their efforts. Courts

consistently recognize that the risk of receiving little or no recovery is a major factor in

considering an award of attorneys' fees. *See, e.g., O'Keefe v. Mercedes-Benz USA, LLC*, 214

F.R.D. 266, 309 (E.D. Pa. 2003) (The risk of nonpayment in such a case "is why class counsel

will be paid a percentage that is several times greater than an hourly fee in this case.").

10.     In addition to the risks of nonpayment attendant to complex litigation of this type

in general, as detailed in the Court's discussion of the risks to both establishing liability and

damages in the Order granting Final Approval, Plaintiff faced a number of significant challenges

in order to prevail.

11.     Class Counsel nevertheless committed significant resources of both time and

money to the prosecution, negotiation and settlement of this action. The fact that Class Counsel

ultimately secured a settlement here does not diminish the risk they assumed at the inception of

the case. *See Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 258 (7th Cir. 1988) ("The point at which plaintiffs settle with defendants . . . is simply not relevant to determining the risks incurred by their counsel in agreeing to represent them."); *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 117 (3d Cir. 1976). Relevant risks must be evaluated from the standpoint of class counsel as of the time they commenced suit, and not retroactively with the benefit of hindsight.

12.     The risk of nonpayment supports the Fee Award.

F.     The Amount of Time Devoted to the Case Supports the Fee Award.

13.     Another factor which courts in this Circuit have considered is the amount of time devoted to the case. Class Counsel performed over 2,600 hours[3] of contingent work to litigate and resolve this matter in favor of the Class over the course of nearly three years. As discussed in more detail below in the Court's lodestar "cross-check" discussion, the time devoted by Class Counsel to the prosecution of this case further supports the requested Fee Award.

G.     The Requested Fee Is at the Low End of the Range of Fees Typically Awarded in Actions of This Nature.

14.     Class Counsel's requested fees and expenses are below the fees typically awarded in similar litigation. While there is no general rule as to what percentage of the common fund should be awarded as attorneys' fees, the Third Circuit has observed that fee awards typically range from 19% to 45% of the settlement fund. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig*, 55 F.3d 768, 822 (3d Cir. 1995); *see also In re Ikon*, 194 F.R.D. at 194; *In re Computron Software, Inc. Sec. Litig.*, 6 F. Supp. 2d 313, 322-23 (D.N.J. 1998) ("There is no set standard, however, on how to determine a reasonable percentage. Awards utilizing the percentage-of-recovery method can reasonably range from nineteen percent to forty-five percent

---

[3]     This includes Class Counsel's hours up through June 15, 2010. It does not include any time Class Counsel will spend administering the Settlement or defending the Settlement in any appeal.

of a settlement fund . . . . [T]he percentage awarded, should, and generally does, increase commensurate with increased quality of representation."). Therefore, the Court finds that the Fee Award is reasonable pursuant to Third Circuit authority.

H. Counsel's Requested Fees Are Reasonable Under The Lodestar Cross-Check.

15. The Third Circuit recommends that district courts perform a "cross-check" of a fee award using the lodestar method. *Briggs v. Hartford Fin. Servs. Group, Inc.*, No. 07-5190, 2009 WL 2370061, at \*16 n.98 (E.D. Pa. July 31, 2009); *see also In re Linerboard Antitrust Litig.*, No. 1261, 2004 WL 1221350, at \*15 (E.D. Pa. June 2, 2004) ("While the Court adopts the percentage of recovery method, the Court will also subject petitioners' proposed fee to a cross-check using the lodestar method."). The purpose of doing a lodestar cross-check is "to insure that plaintiffs' lawyers are not receiving an excessive fee at their clients' expense." *Gunter*, 223 F.3d at 199.[4]

16. Under the lodestar "cross-check" method, the Court first determines the lodestar by multiplying the hours reasonably spent by attorneys and paralegals by their respective billing rates and then totaling those figures. *See In re Aetna Inc. Sec. Litig.*, No. 1219, 2001 WL 20928, at \*13, 15 (E.D. Pa. Jan. 4, 2001). Counsel's out-of-pocket expenses are not included in the lodestar calculation. *Id.* The hourly billing rate to be applied is the "market rate," that is the hourly rate that is normally charged in the community where counsel practices for cases of this sort - complex consumer class actions. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 447 (1983). The Court finds that the hourly billing rates for each attorney set forth in the supporting declaration submitted by Class Counsel are appropriate "market rates" for this type of litigation in this community. The lodestar multiplier is

---

[4]     Because the Settlement provides that the Fee Award is in addition to, and not taken from the Settlement Fund, there is no risk that the Class's recovery will be diminished at the expense of the Fee Award. Nonetheless, an alternative lodestar analysis also supports the Fee Award.

then obtained by dividing the proposed fee award by the lodestar amount. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 280 (3d Cir. 2009); *see also Larson v. Sprint Nextel Corp.*, No. 07-5325, 2010 WL 234934, at *25 (D.N.J. Jan. 15, 2010) ("The lodestar multiplier is calculated by dividing the attorneys' fees that Class Counsel seeks by Class Counsel's associated lodestar.").

17.     In this case, the lodestar "cross-check" confirms the propriety of the fee sought. Class Counsel have spent more than 2,600 hours for a total lodestar of more than $1,350,000. The work was performed by Class Counsel efficiently and without duplication of effort. The declarations of counsel submitted with Plaintiff's Motion for Attorneys' Fees and Incentive Award detail the lodestars for each attorney at Class Counsel's respective law firms.

18.     Here, Class Counsel's requested fee constitutes a lodestar multiplier of 2.2. Such a request is well within the range typically awarded in comparable cases in this Circuit and across the United States.[5] *See Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 122 (E.D. Pa. 2005) ("[T]he Third Circuit has explicitly recognized that multipliers ranging from one to four are frequently awarded in common fund cases employing the lodestar method." (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998)).

III.    THE INCENTIVE AWARD

19.     Plaintiff's requested Incentive Award of $2,500 is reasonable in light of the time expended by Mr. Hart in connection with his supervision of this lawsuit from its inception up through the Settlement. The Incentive Award is also reasonable in light of awards in similar cases.

---

[5]     While Class Counsel's out-of-pocket litigation expenses are not considered in this "cross-check" analysis, the Fee Award is *inclusive* of approximately $70,000 in litigation costs, which were advanced by Class Counsel. Were the Court to extract those expenses from the Fee Award, the multiplier to Class Counsel's lodestar would be further reduced.

8

IV.    CONCLUSION

20.    For the reasons set forth above, Plaintiff's Motion for Approval of Attorneys'
Fees and Incentive Award (Doc. Nos. 74-77) is GRANTED. Defendant Comcast shall pay to
Class Counsel $3,000,000 as the Fee Award in accordance with Section VII.B. of the Settlement.
In addition, Defendant Comcast shall pay to Plaintiff $2,500 as the Incentive Award in
accordance with Section VII.D. of the Settlement.

BY THE COURT:

Legrome D. Davis, J.

9